```
         UNITED STATES DISTRICT COURT
       SOUTHERN DISTRICT OF WEST VIRGINIA
                 AT CHARLESTON
```

DON JUAN STAPLES, BEY,

    Plaintiff,

v.                              Civil Action No. 2:23-cv-00386

LIEUTENANT T. PARSONS,
SARGENT KEVIN ALLEN,
W.M. TANZEY, and
SOUTH CHARLESTON POLICE
DEPARTMENT,

    Defendants.


## MEMORANDUM OPINION AND ORDER

On May 12, 2023, plaintiff Don Juan Staples, Bey[1] initiated this action, pursuant to 42 U.S.C. section 1983, alleging that defendants violated his Fourth Amendment rights during a <u>Terry</u> stop.  Pending are plaintiff's Motion to Amend Complaint (ECF No. 6), filed June 22, 2023, and defendants' Motion to Dismiss (ECF No. 5), filed June 8, 2023.  Plaintiff also filed an "Objection" on October 10, 2023 (ECF No. 12), to defendants' motion to dismiss, which objection reads as a second

---

[1] It is worth noting that plaintiff is an adherent of the so-called sovereign citizen doctrine.  Judge Tinsley notes that plaintiff's legal name is Don Juan Staples, and "Bey," a suffix commonly adopted by adherents of the sovereign citizen doctrine, is not part of plaintiff's legal name.  PF&R 1 n. 1.

proposed amended complaint. See Second Mot. to Amend Compl., ECF No. 12; PF&R 7.

As plaintiff has proceeded pro se, this action was referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission of proposed findings and recommendations ("PF&R"). Judge Tinsley entered his PF&R on February 8, 2024 (ECF No. 14), to which no objections have been filed.

Plaintiff's complaint alleges that he was driving on the "Kanawha Turnpike" when he was pulled over by a police car. PF&R at 2. The officer, defendant Lieutenant Parsons, told plaintiff that a crime had occurred in the area, but that plaintiff did not match the description of the suspect. PF&R at 2. Parsons told plaintiff he smelled marijuana in the car and asked for plaintiff's driver's license, upon which plaintiff produced his "tribal documents."[2] PF&R at 2. Plaintiff alleges Parsons spent approximately ninety minutes reviewing the documents. PF&R at 2-3. During that time approximately ten other officers had arrived. PF&R at 3. Parsons asked plaintiff to exit the vehicle and plaintiff complied. PF&R at 3. Parsons searched the vehicle, discovering a gun in the glove compartment

---

[2] Referring to government identification as "tribal documents" is common among adherents of the sovereign citizen doctrine.

that was reported as stolen, whereupon plaintiff was arrested. PF&R at 3. Plaintiff contends that this incident "deprived [him] of his rights under the Constitution or laws of the United States" and seeks $2,110,000.00 in compensatory and punitive damages. PF&R at 3.

Defendants filed a motion to dismiss on June 8, 2023, asserting in part that the complaint fails to demonstrate a Fourth Amendment violation. Rather than responding to the motion, plaintiff filed a Motion to Amend the Complaint on June 22, 2023, to which an amended complaint was attached. Defendants later supplemented their motion to dismiss on September 25, 2023, after which plaintiff filed a second proposed amended complaint in the style of an objection on October 10, 2023.

Judge Tinsley, in his PF&R, found that the initial complaint fails to state a claim under section 1983 and that the first and second proposed amended complaints do not resolve the deficiencies of plaintiff's initial complaint. PF&R at 15. Plaintiff was subject to a Terry stop, which must be based on reasonable suspicion. PF&R at 15. The magistrate judge found that the initial complaint made clear that defendants had sufficient cause to conduct a Terry stop; plaintiff's subsequent

proposed amended complaints merely omit details from the initial complaint and make legal conclusions. PF&R at 14–15.

Finding that neither of the proposed amended complaints would cure the fundamental deficiencies of the initial complaint, and warning plaintiff that he is on the verge of being sanctioned for his pattern of filing very similar and frivolous lawsuits,[3] Judge Tinsley recommends that the defendants' Motion to Dismiss be granted, plaintiff's Motion to Amend be denied, and the action be dismissed. PF&R 15–17.

The court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings and recommendations to which no objection has been made. See Thomas v. Arn, 474 U.S. 140 (1985); see also 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or

---

[3] Plaintiff has initiated four other pro se actions before the court in the last few years (Staples v. Childress, 2:23-cv-00400; Staples v. Navarro, 2:22-cv-00526; Staples v. Yates, 2:23-cv-00429; Staples v. Wilson, 3:23-cv-00377), two of which contain strikingly similar allegations to the present case, being the Wilson and Childress cases. In Childress, Magistrate Judge Aboulhosn found plaintiff's sovereign citizen claims were meritless and recommended they be dismissed, as did Magistrate Judge Eifert in Wilson; the district court agreed with the findings and recommendations of Magistrate Judges Aboulhosn and Eifert in those cases.

recommendations <u>to which objection is made</u>.") (emphasis added). Failure to timely file objections constitutes a waiver of de novo review and the plaintiff's right to appeal the order of the court.  <u>See</u> 28 U.S.C. § 636(b)(1); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1366 (4ht Cir. 1989).  Objections to the PF&R having been due on or before February 22, 2024, and none having been filed, this matter may be duly adjudicated.

        Accordingly, it is ORDERED that:

1. The magistrate judge's Proposed Findings and Recommendations be, and hereby are, ADOPTED by the court and incorporated herein;

2. Plaintiff's Motion to Amend, filed June 22, 2023, be, and hereby is, DENIED;

3. Plaintiff's "Objection" which reads as a Second Proposed Motion to Amend, filed October 10, 2023, be, and hereby is, DENIED;

4. Defendants' Motion to Dismiss be, and hereby is, GRANTED; and

5. This civil action be, and hereby is, DISMISSED from the docket of this court.

The Clerk is directed to transmit copies of this order to all counsel of record, any unrepresented parties, and the United States Magistrate Judge.

ENTER: March 11, 2024

John T. Copenhaver, Jr.
Senior United States District Judge